FILED IN OPEN COURT
ON 3/18/08
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08cr33-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **MEMORANDUM OF PLEA AGREEMENT** |
| ) | |
| ALLIED TELESIS LABS, INC. ) | |

The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, ALLIED TELESIS LABS, INC. (ATL), acting through its officer, Mr. Kaku Shinkyo, who has been authorized by ATL to act on its behalf and to bind ATL to the terms of this Agreement and with the concurrence of the Defendant's Attorneys, Joseph R. Price and Richard S. Glaser, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

2. The Defendant agrees:

    a. To waive indictment and plead guilty to a single-count Criminal Information referenced herein.

    b. To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory

    Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

c. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

d. To pay a special assessment of $400.00 pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a

      check in payment of the said assessment directly to the Clerk, U.S. District Court/EDNC.

e. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

f. Whenever called upon to do so by the United States, to act in good faith to make whatever ATI officers or employees requested available (1) to disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the Criminal Information and any other crimes of which the Defendant has knowledge, (2) to make such officers or employees available to testify fully and truthfully in any proceeding, (3) to refrain from in any way punishing or dismissing cooperating employees as a result of their cooperation, and (4) to provide whatever non-privileged documentation requested. These obligations are continuing ones. The Defendant agrees that all of the information gathered in the course of such cooperation can be used against the Defendant at trial if the Defendant is allowed to withdraw the guilty plea.

g. If the Defendant fails to act in good faith to make such officers or employees available and to have

3

them provide complete, truthful information or testimony, or fails to provide requested non-privileged documentation, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to prosecution for any federal criminal violation. In such an event any and all information provided by the Defendant's officers or employees may be used against the Defendant in such a prosecution.

3. The Defendant understands, agrees, and admits:

a. That as to the sole count of the Criminal Information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

    (1) **Conspiracy to trade with the Islamic Republic of Iran in violation of Title 50, United States Code, Section 1705**

    (2) Code section violated: __18 U.S.C. 371__

    (3) Elements:

        First: Beginning on or about September 26, 2004, and continuing to on or about February 11, 2005, in the EDNC and elsewhere, the defendant did;

        Second: Conspire with others both known and unknown to commit a crime against the United States, that is, without license or consent from the United States Secretary of the Treasury, to complete a commercial trade with the Nation of Iran in violation of Title

4

                    50, United States Code, Section 1702 and 1705, and Title 31, Code of Federal Regulations, Sections 560.203, 560.204 and 560.205; and

    <u>Third</u>: In furtherance of such Conspiracy and with the intent to achieve the objectives of the conspiracy, that is, to profit from an unlicensed commercial transaction with Iran, the defendant did commit one or more overt acts as detailed in the Criminal Information.

(4) Maximum fine: <u>$500,000.00</u>

(5) Maximum term of supervised release: <u>3yrs</u>

(6) Maximum term of probation for a corporation: <u>5 years</u>

(7) Minimum term of probation for a corporation: <u>1 year</u>

(10) Special assessment: $ 400.00

b. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines. That the sentence will be in accord with the terms of this Plea Agreement and that if the Court rejects this Plea Agreement, the defendant shall be entitled to withdraw the plea of guilty.

c. That, the defendant agrees pay a criminal fine of $500,000, pursuant to 18 U.S.C. § 3571, and failure to pay it will be deemed a breach of this plea agreement and subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C.

5

§§ 3611-14. The defendant shall pay the total amount of the fine at the time of sentencing.

4. The United States agrees:

a. That it will recommend a sentence consisting of a fine of $500,000 and the implementation of a program to ensure future compliance with United States Export restrictions.

c. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, and to respond to any motions or objections filed by the Defendant.

d. That the United States 1) will not further prosecute the Defendant, nor its officers or employees, for conduct constituting the basis for the Criminal Information; 2) will not pursue civil penalties against the defendant, nor its officers and employees; and 3) is not seeking debarment of the Defendant and will, if requested, take the position that debarment is unnecessary should any other federal or state agency initiate such proceedings. In regard to this, the United States has not conducted a survey of governmental agencies as to whether such debarment has been initiated or is contemplated and the defendant is aware of this.

e. That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

f. Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by §1B1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

g. That the USA-EDNC agrees not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

5. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

7

   a. An upward adjustment of 2 levels for willful obstruction is not warranted under U.S.S.G. §3C1.1.

   b. A downward adjustment of 3 levels for acceptance of responsibility is warranted under U.S.S.G. §3E1.1.

This the 23rd day of January, 2008.

GEORGE E. B. HOLDING
United States Attorney

*(signed)*
JOHN S. BOWLER
Assistant United States Attorney
Criminal Division

*(signed)*
KAKU SHINKYO
ATL Officer

*(signed)*
JOSEPH R. PRICE
Attorney for the Defendant

*(signed)*
RICHARD S. GLASER
Attorney for the Defendant

APPROVED, this 18 day of March, 2008.

*(signed)*
UNITED STATES DISTRICT JUDGE

8

I certify the foregoing to be a true and correct copy of the original.
Dennis P. Iavarone, Clerk
United States District Court
Eastern District of North Carolina
By *(signed)* Linda Ruff, Deputy Clerk